UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | NOS. CR-07-2063-LRS-1 |
| Respondent, ) | CR-07-2065-LRS-1 |
| ) | CR-07-2066-LRS-2 |
| -vs- ) | CR-07-2114-LRS-1 |
| ) | |
| GLEN RAY BRIGGS, ) | **ORDER DENYING MOTIONS FOR** |
| ) | **RECONSIDERATION** |
| Petitioner. ) | |

**BEFORE THE COURT** is Petitioner's handwritten letters filed[1] in four above-identified cases (**ECF Nos. 513, 514** in CR-07-2063-LRS-1; **ECF No. 216** in CR-07-2065-LRS-1; **ECF No. 393** in CR-07-2066-LRS-2; and **ECF No. 422** in CR-07-2114-LRS-1) on September 3, 2014, and September 30, 2014, which letters this court construes to be motions for reconsideration of this court's "Order Dismissing 28 U.S.C. §2255 Motions," entered on August 22, 2014. The motions are submitted by Glen Ray Briggs, who is appearing *pro se* for the purposes of these proceedings. Petitioner also again requests counsel to be appointed. Petitioner did not note the instant motion pursuant to local rules.

To the extend Petitioner is requesting a motion for reconsideration,

---

[1] The court filed Mr. Briggs' first letter in all four cases for which the "Order Dismissing 28 U.S.C. §2255 Motions" was entered in and filed the second letter in CR-07-2063-LRS-1 based on the contents of the letter referring to that case only.

ORDER - 1

the court notes that such motions for reconsideration serve a limited function.  Under the Federal Rules of Civil Procedure, motions for reconsideration may be made pursuant to Rule 59(e).  The major grounds for granting a motion to reconsider a judgment are: (1) intervening change of controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *School District No. 1J, Multnomah County Oregon v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993); *Duarte v. Bardales*, 526 F.3d 563, 567 (9th Cir. 2008).  Mr. Briggs does not contend that there is newly discovered evidence or that controlling law has changed.  Instead Mr. Briggs continues to re-argue, for identical reasons voiced in his §2255 motion, that his attorney Mr. Gardner deprived him of his constitutional right to effective assistance of counsel. Mr. Briggs restates that he would not have pleaded guilty if his attorney had not misadvised, misled and misrepresented that he "would be able to go for sentence intrapment [sic]." ECF No. 393 at 1.

A motion for reconsideration is not appropriately brought to present arguments already considered by the court. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir.1985).  For all the foregoing reasons, the court respectfully denies Petitioner's motions for reconsideration.

Mr. Briggs also inquires in his September 30th letter whether he can be resentenced or provided relief presumably through retroactive application of the United States Sentencing Commission's amendment reducing the offense levels in the Drug Quantity Table by two levels. ECF No. 514 at 2.  At this time, relief pursuant to 18 U.S.C. § 3582 is deemed not ripe for consideration.  In so noting, the Court expresses no

opinion concerning the amendment or whether it has any application to Mr. Briggs' convictions. Accordingly,

**IT IS ORDERED** that:

1. Mr. Briggs' motions for reconsideration, **ECF Nos. 513, 514** in CR-07-2063-LRS-1; **ECF No. 216** in CR-07-2065-LRS-1; **ECF No. 393** in CR-07-2066-LRS-2; and **ECF No. 422** in CR-07-2114-LRS-1), are **DENIED**.

2. The District Court Executive is directed to:

    (a) File this Order; and

    (b) Provide a copy to Petitioner **AND TO** the United States Attorney, Yakima, Washington.

**DATED** this 22nd day of October, 2014.

*s/Lonny R. Suko*

LONNY R. SUKO
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3