FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 10, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:07-CR-2063-LRS-1 |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |
| GLEN RAY BRIGGS, | |
| Defendant. | |

BEFORE THE COURT is a construed Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) from Glen Ray Briggs. ECF No. 542. The Government was represented by Assistant U.S. Attorney James Goeke. After the motion was filed *pro se*, attorney Jason Carr was appointed to represent Mr. Briggs. ECF No. 544, 546. The Court, having reviewed the record, the parties' briefing, and the relevant authorities, is fully informed. For the reasons discussed below, Defendant's Motion for Compassionate Release, ECF No. 542, is DENIED.

## BACKGROUND

In December 2011, Defendant was sentenced to 225 months imprisonment for various offenses involving drugs, firearms, and escape. *See* ECF No. 482, 539;

ORDER - 1

*see also* case nos. 2:07-cr-2065-LRS-1, 2:07-cr-2066-LRS-2, and 2:07-cr-2114-LRS-1.  He is incarcerated at FCI La Tuna in Anthony, Texas and his projected release date is August 17, 2023.  *See* https://www.bop.gov/inmateloc/.

Defendant indicates that he has been rehabilitated and requests a reduction in sentence or that the remainder of his term be converted to supervised release.  ECF No. 542 at 1; ECF No. 555 at 14-15, 20.  Defendant points out that El Paso, Texas, which is just south of Anthony, Texas where FCI La Tuna is located, is experiencing a surge of positive COVID-19 cases and suggests a similar increase will occur at FCI La Tuna.  ECF No. 555 at 10-11.

The Government argues that Defendant does not identify any extraordinary and compelling circumstance justifying a reduction in sentence and that 18 U.S.C. § 3553(a) factors do not support Defendant's release.  ECF No. 550, 561.

## DISCUSSION

### A.    Eligibility for Compassionate Release

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may

now bring their own motions for compassionate release after exhausting

administrative remedies within the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A)

(2018).

Defendant submitted exhibits indicating his July 8, 2020 request for a

reduction in sentence was denied by the Bureau of Prisons on July 23, 2020.  ECF

No. 556 at 1-4.  The Government acknowledges that exhaustion of remedies is not

at issue.  ECF Nos. 550 at 2, 561 at 2.  Accordingly, the Defendant's motion for

compassionate release is properly before the Court.

A defendant may be eligible for compassionate release: (1) if the Court finds

"extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the

defendant is at least 70 years old, has served at least 30 years in prison pursuant to

a sentence imposed for the offense for which the defendant is currently imprisoned,

and the defendant is determined not to pose a risk of danger to the community. 18

U.S.C. § 3582(c)(1)(A).  The Court should also consider the factors set forth in 18

U.S.C. § 3553, to the extent they are applicable.  18 U.S.C. § 3582(c)(1)(A).

Under either eligibility prong, the Court must also find that a sentence

reduction is "consistent with applicable policy statements issued by the [United

States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  The Sentencing

Guidelines instruct that the Court should consider the sentencing factors set forth

in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release, and that

the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

Defendant is not eligible for compassionate release under subsection (2) of 18 U.S.C. § 3582(c)(1)(A) because he is not 70 years old and has not served 30 years in prison. Thus, the question before the Court is whether extraordinary and compelling reasons exist to grant Defendant's request for compassionate release.

**B.    Extraordinary and Compelling Reasons**

Defendant contends that "extraordinary and compelling reasons" warrant a sentence reduction. ECF No. 555 at 14-18. The First Step Act did not define "extraordinary and compelling reasons" justifying a sentence reduction, but the compassionate release statute directs the Court to consider the Sentencing Commission's policy statements when deciding compassionate release motions. 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute, but it has not yet been updated to reflect the procedural changes implemented by the First Step Act. U.S.S.G. § 1B1.13. Courts across the country have concluded that because the Sentencing Commission has not amended the Guidelines since the enactment of the First Step Act, they are not limited by the categories described in U.S.S.G. § 1B1.13 in determining whether extraordinary and compelling circumstances are

presented justifying a reduction of sentence under 18 U.S.C. § 3582(c).  *See, e.g.*, *United States v. Brooker*, 976 F.3d 228 (2nd Cir. 2020); *United States v. Parker*, 461 F. Supp.3d 966, at 978-79 (C.D. Cal. May 21, 2020) (collecting cases); *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681 (N.D. Cal. 2019).  The Sixth Circuit recently concluded that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *United States v. Jones*, No. 20-3701, 2020 WL 6817488, at *7 (6th Cir. Nov. 20, 2020).  Nevertheless, "[w]hile that particular policy statement has not yet been updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases).

The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65 years old, is experiencing

a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment; (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling. U.S.S.G. § 1B1.13, Application Note 1.

First, Defendant's petition for release is based upon the assertion that he has been rehabilitated. ECF No. 542. Defendant reports that he has earned his GED and other certificates and that he has had "no major write ups" during his thirteen years in prison. ECF No. 542. Defendant's efforts to better himself while in prison are commendable, but they are not extraordinary or compelling reasons for a sentence reduction. Similarly, while the Court is sympathetic to family concerns raised by Defendant and in letters supporting his release, challenges caused by separation from family are a consequence of incarceration suffered by many inmates. ECF Nos. 542, 555 at 6, 558. The details mentioned do not establish an extraordinary or compelling reason for a change in Defendant's sentence.

Second, Defendant contends that extraordinary and compelling reasons exist for release because the Bureau of Prisons is ill-equipped to contain COVID-19 and protect vulnerable inmates. ECF No. 555 at 16. The COVID-19 pandemic is not by itself an extraordinary and compelling reason to grant relief. A general fear of a

virus which exists throughout society is not sufficiently extraordinary or compelling under the criteria set forth in the Sentencing Commission's policy statement on compassionate release or on general principles. *United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)  ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").   Furthermore, Defendant acknowledges that he does not have a medical condition identified by the CDC as causing an increased risk of severe illness from COVID-19.  ECF No. 555 at 5; *see* Center for Disease Control and Prevention, Coronarvirus Disease 2019 (COVID-19), *People with Certain Medical Conditions* (December 10, 2020).[1]

At the time of Defendant's reply brief, he noted the Bureau of Prisons reported only one inmate and sixteen staff members with COVID-19 at FCI La

---

[1] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.

ORDER - 7

Tuna as of October 28, 2020.  ECF No. 555 at 6.  The Government's response brief notes that as of November 20, 2020, there were 120 inmates and 29 staff with confirmed cases of coronavirus at that facility, ECF No. 561 at 6, which mirrors a surge in coronavirus cases nationally.  However, as of December 10, 2020, the Bureau of Prisons reports that 75 inmates and 17 staff have tested positive.  *See* Federal Bureau of Prisons, *COVID-19 Cases* (December 10, 2020), https://www.bop.gov/coronavirus/.

A post-briefing filing by defense counsel indicates Defendant reported to his fiancé that he recently tested positive for COVID-19 and believes he may have pneumonia.  ECF No. 563 at 2. The Government argues that a COVID-19 diagnosis is not an extraordinary and compelling reason for release and that such a diagnosis in fact weighs against release.  ECF No. 564.  As noted by the Government, Defendant's early release would involve travel to reach his proposed residence, but the CDC indicates travel increases the risk of spreading COVID-19 and advises against travel for those who test positive for the virus.  ECF No. 564; *see* Center for Disease Control and Prevention, Coronarvirus Disease 2019 (COVID-19), *Domestic Travel During the COVID-19 Pandemic* (December 10, 2020), https://www.cdc.gov/coronavirus/2019-ncov/travelers/travel-during-covid19.html.  The CDC recommends that those who test positive for COVID-19 stay home, quarantine, and monitor symptoms.  *See* Center for Disease Control and

Prevention, Coronarvirus Disease 2019 (COVID-19), *What to Do if You are Sick* (December 10, 2020), https://www.cdc.gov/coronavirus/2019-ncov/if-you-are-sick/steps-when-sick.html.

The Court is sympathetic to Defendant's reported illness and the concerns that a positive test for coronavirus elicits. It is noted that the most recent medical records filed are dated August 2020. ECF No. 556 (sealed). The Notice of Recent Developments filed by defense counsel is a third-hand account of Defendant's unverified medical status and the treatment conditions at FCI La Tuna. ECF No. 563. While there is an increased infection rate at FCI La Tuna since Defendant's briefing, it is noted that as of this writing, 420 inmates and 40 staff have recovered from COVID-19 and only one inmate has died. *See* Federal Bureau of Prisons, *COVID-19 Cases* (December 10, 2020), https://www.bop.gov/coronavirus/. Without any medical risk factors for complications, Defendant has not shown that having contracted COVID-19 is itself an extraordinary and compelling basis for release or otherwise modifying Defendant's sentence.

**C.    18 U.S.C. § 3553 Factors and Danger to Community**

Under 18 U.S.C. § 3582(c)(1)(A) and the Sentencing Commission policy statement, the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. Additionally, the

ORDER - 9

Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act.  U.S.S.G. § 1B1.13.

Even if Defendant had shown that extraordinary and compelling reasons exist to warrant a reduction in sentence, the Court does not find that the § 3553(a) factors support a reduction in sentence.  At the time of the original sentencing, the Court fully considered those factors and imposed a sentence that was sufficient but not greater than necessary to comply with and fulfill the goals of sentencing.[2] While Defendant has served a significant amount of time in prison and has taken advantage of opportunities to improve himself while incarcerated, the Court also notes that Defendant's convictions involved multiple serious offenses.   The sentence imposed by the Court was "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a), including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to this criminal conduct.  The Court has again fully considered the § 3553 factors and finds the sentence imposed remains sufficient but not greater than necessary to comply with the purposes of sentencing.

_____

[2] At sentencing, the court imposed a term of imprisonment that was significantly below the term requested by the Government.

ORDER - 10

The Court need not determine whether Defendant poses a danger to any person or the community because there are no extraordinary or compelling reasons warranting a reduction or modification of his sentence.

## CONCLUSION

The Court concludes that that extraordinary and compelling reasons warranting a reduction do not exist and therefore declines to exercise its discretion to reduce or modify Defendant's sentence.

Accordingly, Defendant's Motion for Compassionate Release, **ECF No. 542**, is **DENIED**.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to the U.S. Attorney and counsel.

DATED December 10, 2020.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER - 11