FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 05, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GLEN RAY BRIGGS,<br><br>Defendant. | No. 2:07-CR-2063-LRS-1<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |

BEFORE THE COURT is a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) from Glen Ray Briggs. ECF No. 568. The Court, having reviewed the record, the parties' briefing, and the relevant authorities, is fully informed. For the reasons discussed below, Defendant's Motion for Compassionate Release, **ECF No. 568**, is **DENIED**.

## BACKGROUND

In December 2011, Defendant was sentenced to 225 months imprisonment for various offenses involving drugs, firearms, and escape. *See* ECF No. 482, 539; *see also* case nos. 2:07-cr-2065-LRS-1, 2:07-cr-2066-LRS-2, and 2:07-cr-2114-

ORDER - 1

LRS-1. He is incarcerated at FDC SeaTac in Washington State and his projected release date is August 17, 2023. *See* https://www.bop.gov/inmateloc/. The Bureau of Prisons indicates that Defendant is scheduled to be placed at a residential reentry center in Spokane in August 2022. ECF Nos. 568 at 8, 577-4.

Defendant made a previous motion for compassionate release, ECF No. 542, which was denied on December 10, 2020. ECF No. 565. The current motion was filed *pro se* on January 13, 2022, and an attorney was appointed to represent Mr. Briggs pursuant to General Order 20-9-1 for the limited purpose of assisting with the compassionate release request. ECF No. 570. Representation was discontinued after counsel determined that he would not be able to assist Mr. Briggs. ECF No. 574, 576.

Plaintiff asserts compassionate release is appropriate because he suffers from serious and chronic asthma, has respiratory challenges, and faces a critical risk from the threat of COVID-19 and its variants. ECF No. 568.

The Government argues the motion should be denied because Defendant has not exhausted his administrative remedies and does not present "extraordinary and compelling" reasons warranting early termination of his sentence. ECF No. 577.

## DISCUSSION

A federal court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S.

ORDER - 2

817, 824 (2010). Several exceptions exist, including an exception for compassionate release under 18 U.S.C. § 3582(c)(1). Before the First Step Act of 2018, motions for compassionate release could only be brought to the court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). After the First Step Act of 2018 was enacted, defendants could file their own motions for compassionate release with the court after exhausting administrative remedies within the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). The Court should also consider the factors set forth in 18 U.S.C. § 3553, to the extent they are applicable. 18 U.S.C. § 3582(c)(1)(A).

Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release, and that

the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

A.    **Administrative Exhaustion**

At the outset, the Court finds that the Defendant failed to exhaust his administrative remedies with the Bureau of Prisons before bringing this motion. The administrative exhaustion requirement of § 3582(c)(1)(A) imposes a mandatory claim-processing rule that must be enforced when properly invoked. *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021) (citations omitted); *United States v. Fuentes*, 834 F. App'x 414, 415 (9th Cir. 2021) ("A court may not excuse a defendant's failure to comply with a statutory exhaustion requirement."). Defendant does not assert that he submitted a request for compassionate release to the Bureau of Prisons. ECF No. 568, 575. The Government submitted information indicating that Defendant has no past or pending BOP request for compassionate release, other than the 2020 request which was previously decided. ECF No. 577-4 at 2. Because the exhaustion requirement is mandatory, the court must enforce it and find that Defendant's is not properly before the court. *Keller* at *id*.

In response, Defendant argues his request is an "amendment which relates back to the initial complaint" which cures any defect. ECF No. 579 at 4. If Defendant means his January 2022 request for compassionate release relates back to the 2020 request, this argument fails as that request was denied and is final. *See*

ORDER - 4

*Keller* at 1283. Defendant also argues an exception to the exhaustion requirement applies because there is no administrative remedy available. ECF No. 579 at 4. However, the case relied on by Defendant involved the Prison Litigation Reform Act, and the Supreme Court found the statute regarding exhaustion of administrative remedies was mandatory but was limited by the text to "available" remedies, unlike the language of the First Step Act which contains no such limitation. *Ross v. Blake*, 578 U.S. 1850 (2016). Furthermore, the administrative remedy at issue here is a request for compassionate release to the Bureau of Prisons, a process which Defendant utilized in 2020 as a predicate to his previous motion to this Court, not pandemic-related issues raised by Defendant. ECF No. 579 at 4. *Keller* makes clear the administrative exhaustion requirement is mandatory, and there is no textual exception to § 3582(c)(1)(A).

Accordingly, the court finds that Defendant has failed to exhaust his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A), and the court may not consider his motion for compassionate release.

**B.    Extraordinary and Compelling Reasons**

Even if the court were to reach the merits of the motion, the court would still deny the motion for compassionate release.

Defendant contends that "extraordinary and compelling reasons" related to COVID-19 and his health condition warrant a sentence reduction. ECF No. 568 at

ORDER - 5

1-2. The First Step Act did not define "extraordinary and compelling reasons" justifying a sentence reduction, but the compassionate release statute directs the Court to consider the Sentencing Commission's policy statements when deciding compassionate release motions. 18 U.S.C. § 3582(c)(1)(A). However, the Sentencing Commission's policy statement has not been updated to reflect the procedural changes implemented by the First Step Act. U.S.S.G. § 1B1.13. Thus, U.S.S.G. § 1B1.13 is not binding, but may inform the court in determining whether extraordinary and compelling circumstances exist to warrant a sentence reduction. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment; (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling. U.S.S.G. § 1B1.13, Application Note 1.

ORDER - 6

The focus of Defendant's motion is "the critical risk to [Defendant] of Covid 19, inclusive of past, current and potential variants." ECF No. 568 at 1. As stated in this Court's December 2020 order, the existence of the COVID-19 pandemic is not an extraordinary and compelling reason to grant relief. *See United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Defendant asserts he suffers from "serious and chronic asthma" which was exacerbated by contracting COVID-19 in November 2020, and suggests he has "long COVID" causing "extreme respiratory challenges." ECF No. 568 at 1. Defendant alleges he requires "access to appropriate care and respiratory therapies unavailable while incarcerated." ECF NO. 668 at 2.

The Government submitted Defendant's Bureau of Prisons medical records for 2021-2022. ECF No. 578, 578-1 (sealed). The medical records indicate that Defendant tested positive for COVID-19 in November 2020. ECF No. 578 at 37. Defendant experience a cough and shortness of breath, but his symptoms were controlled with cough medicine and Tylenol and no hospitalization was required. ECF No. 578-1 at 20-21. By January 2021, Defendant reported no cough and all pulmonary findings were within normal limits. ECF No. 578-1 at 15-16. During health screens in July and August 2021, Defendant report no cough, shortness of breath, body aches, sore throat, diarrhea, headache, loss of taste or smell, nausea,

ORDER - 7

or vomiting, and denied any respiratory issues. ECF No. 578 at 37-38, 43. He had multiple negative COVID screening test results in 2021 and 2022. ECF No. 578 at 89. In February 2022, Defendant reported a dry cough, asthma, shortness of breath, and wheezing after strenuous exercise. ECF No. 578 at 5. Chest x-rays were ordered, he was prescribed an albuterol inhaler as needed before daily exercise, and one of his medications was discontinued as contraindicated with asthma. ECF No. 578 at 6. Defendant is fully vaccinated. ECF No. 578 at 106. There are no medical records indicating symptoms, findings, or diagnosis of "long COVID" or extreme respiratory symptoms.

      Defendant's medical record does not demonstrate the defendant suffers from a medical condition that substantially diminishes the defendant's ability to provide self-care in a correctional environment. U.S.S.G. § 1B1.13, Application Note 1. Despite Defendant's allegations that the Bureau of Prisons is ill-equipped to manage his care, the medical record suggests otherwise. The evidence does not indicate a medical condition rising to the level of an extraordinary and compelling reason for compassionate release.

**C.    18 U.S.C. § 3553 Factors and Danger to Community**

      Under 18 U.S.C. § 3582(c)(1)(A) and the Sentencing Commission policy statement, the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. Additionally, the

ORDER - 8

Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13. The Court need not reconsider these factors because the compassionate release request is not properly before the court due to failure to exhaust administrative remedies, and even if it were properly before the court, there are no extraordinary or compelling reasons warranting a reduction or modification of his sentence. Additionally, nothing in Defendant's motion changes the analysis of this court with regard to these issues in the previous order denying compassionate release dated December 10, 2020. ECF No. 565 at 9-11.

## CONCLUSION

The Court concludes that that extraordinary and compelling reasons warranting a reduction do not exist and therefore declines to exercise its discretion to reduce or modify Defendant's sentence.

Accordingly, Defendant's Motion for Compassionate Release, **ECF No. 568**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to the U.S. Attorney and the Defendant.

DATED April 5, 2022.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER - 9